# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00043-FDW

| | |
|---|---|
| JONATHAN JAMES NEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SHELBY HOWELL, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 11], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I. BACKGROUND

Pro se Plaintiff Jonathan James Newell ("Plaintiff"), a North Carolina state inmate currently incarcerated at Warren Correctional Institution located in Norlina, North Carolina, filed this action on April 12, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff filed an Amended Complaint on May 24, 2019. [Doc. 11]. In his Amended Complaint, Plaintiff names Shelby Howell, identified as a correctional officer at Alexander Correctional Institution ("Alexander") as the sole Defendant in this matter. Plaintiff alleges that Defendant Howell violated his Eighth Amendment rights under the U.S. Constitution by sexually harassing him, denying him full access to grievance procedures, and retaliating against him for filing grievances.[1]

The Court takes the following allegations by Plaintiff as true for the purpose of this initial review:

---

[1] Despite the Plaintiff's categorization of his claims, in substance, the claims appear to be based on alleged violations of the First, Eighth, and Fourteenth Amendments and the Court will treat them as such.

> Shelby Howell upset at my refusal to misuse the toilet to urinate. Made body shaming comments, repeatedly informed inmates I was gratifying myself and directs them to encourage me to misuse the toilet making multiple false allegations and reports.
>
> Shelby Howell used her collegiality to disrupt the ability to report by grievances, PREA[2] and other avenues. She repeatedly relied upon collegiality to bully me into being written up relying upon unknown stuff to disrupt due process.
>
> Due to the level of harassment I was repeatedly moved around dormitories and cells. The level of retaliation by her colleagues lead to loss of mail and other property loss of money due to frivolous write-ups. The level of bullying and relying upon inmates and staff to horseplay at my expense – even body shaming verbal abuse and finding my being sexually abused as a child funny while she continued to ignore the policy of privacy screening applied in policy.

[Doc. 11 at 3].

For injuries, Plaintiff claims that, as a result of Defendant's conduct, he was impaired in his ability to rehabilitate and reform, that his welfare and well-being were adversely affected, and that he lost mail and other property. [Id. at 3]. Plaintiff seeks injunctive and monetary relief. [Id. at 5].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may

---

[2] P.R.E.A. stands for the Prison Rape Elimination Act, 34 U.S.C. § 30301. It seeks to establish "zero tolerance" for the incidence of prison rape. The purpose of this Act is to protect inmates in correctional facilities from sexual abuse and sexual assault. Gadeson v. Reynolds, No. 2:08-3702-CMC-RSC, 2009 WL 4572872, at *3 (D.S.C. Dec. 4, 2009).

be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. General and Sexual Harassment

Plaintiff asserts a claim against Defendant Howell for violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment from general and sexual harassment.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The Eighth Amendment protects inmates from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1196-97 (9th Cir. 2000). The Supreme Court has held, however, that not "every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S. Ct. 1175 (2010) (internal quotation marks omitted). Furthermore, "[a]lthough prisoners have a right to be free from sexual abuse,

3

whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extent to mere verbal sexual harassment." Jackson v. Holley, 666 Fed. App'x 242, 244 (4th Cir. 2016) (quoting Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal quotation marks omitted)); Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials without more, do not state a cognizable claim under § 1983.")

The Court, therefore, finds that Plaintiff's allegations against Defendant for general and sexual harassment do not state a cognizable claim for an Eighth Amendment violation.

### B.  Retaliation for Filing Grievances

Plaintiff asserts a claim against Defendant Howell for violating Plaintiff's First Amendment right to redress of grievances by retaliating and punishing Plaintiff with frivolous write-ups and other harassment.

Taking Plaintiff's allegations as true for purposes of initial review, the Court finds that Plaintiff has stated a claim against Defendant Howell for violation of Plaintiff's First Amendment right to be free from retaliation for filing grievances. As such, Plaintiff's retaliation claim against Defendant Howell survives initial review as it is not clearly frivolous. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017) (inmate has clearly established First Amendment right to be free from retaliation for filing grievances).

### C.  Redress of Grievances

Plaintiff claims Defendant Howell violated Plaintiff's Fourteenth Amendment right to due process by "us[ing] her collegiality to disrupt the ability to report by grievances, PREA and other avenues. She repeatedly relied upon collegiality to bully me into being written up relying upon unknown stuff to disrupt due process." [Doc. 1 at 3]. Plaintiff, however, does not allege that he

4

was hindered in his efforts to pursue a legal claim with this Court.

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such and unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Prisoner's generally do not have a constitutional right of access to grievance procedures. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").

As such, Plaintiff's Fourteenth Amendment claim against Defendant Howell for depriving Plaintiff an opportunity to aggrieve his conditions of confinement fails initial review.

Further, because Plaintiff has recently been transferred from Alexander to Warren Correctional Institution, Plaintiff's claims for injunctive relief are moot and will be dismissed. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A as to Plaintiff's First Amendment claim against Defendant Howell, but not as to Plaintiff's Eighth Amendment claim for harassment or his Fourteenth Amendment claim for the denial of redress of grievances.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Plaintiff's First Amendment claim for retaliation. See 28 U.S.C. §§ 1915(e); 1915A. Plaintiff's remaining claims fail initial review and shall be dismissed.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendant Howell, who is alleged to be a current or former employee of NCDPS.

Signed: November 14, 2019

Frank D. Whitney
Chief United States District Judge