UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00043-MR

| | | |
|---|---|---|
| JONATHAN JAMES NEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| SHELBY HOWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Ex Parte Declaration to Chief Judge M. Reidinger," [Doc. 34], which the Court construes as a motion to reopen this case.

Pro se Plaintiff Jonathan James Newell ("Plaintiff") filed this action on April 12, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's Amended Complaint [Doc. 11] survived this Court's initial review on November 14, 2019 as to Plaintiff's First Amendment retaliation claim against Defendant Howell, a correctional officer at Alexander Correctional Institution ("Alexander"). [Doc. 14]. Defendant answered the Complaint [Doc. 21] and the Court entered a Pretrial Order and Case Management Plan [Doc. 23]. On July 8, 2020, the Court granted Plaintiff's motion for voluntary dismissal without prejudice [Docs. 30, 31] and the case was terminated.

When Plaintiff filed the Complaint, he was incarcerated at Warren Correctional Institution in Norlina, North Carolina. Sometime later, Plaintiff was transferred to Nash Correctional Institution in Nashville, North Carolina, where he remains today. [See 2/1/2022 Docket Entry]. Recently, the Plaintiff requested the Court's assistance in transmitting a document to the United States District Court for the Eastern District of North Carolina for filing because, according to Plaintiff, Plaintiff's property was taken, and he did not have the mailing address for the Eastern District. [Doc. 32]. The Court assisted the Plaintiff and ordered that the document be transmitted. [Doc. 33].

Plaintiff now submits an "Ex Parte Declaration" to the undersigned. [Doc. 34]. In this filing, Plaintiff asks the Court to "resurrect" this matter "due to the continued pattern of flagrant abuses ongoing at Alexander Correctional." [Id. at 2]. Plaintiff also states that, on March 1, 2021, he "contacted the Asheville court to resurrect this matter, at the time a year had not come and claim could have been revived." [Id. at 1]. Plaintiff asks whether the Court ever received "filings or if they were frustrated and impeded by Warren C.I." [Id.].

The Court will deny Plaintiff's request to reopen his case. While Plaintiff asserts that he "contacted the Asheville court" on March 1, 2021, he

has done nothing until now to further any effort to refile this case. The Court received no filings from Plaintiff in this matter between his motion for voluntary dismissal in July 2020 and the aforementioned request for assistance with transmission of the document in January 2022. If Plaintiff did, in fact, seek to refile his dismissed Complaint in March 2021, he should have taken action to prosecute it before now.[1] Moreover, Plaintiff complains of ongoing "flagrant abuses" at Alexander. Plaintiff, however, has not been confined at Alexander since before he filed the original Complaint in this action. He has no standing to complain of ongoing wrongs now.

Plaintiff is also cautioned that it is improper to file documents with this Court that are directed to the undersigned. Plaintiff's "Ex Parte Declaration" could be stricken by the Court on this ground alone. Furthermore, the Plaintiff's designation of this filing as "Ex Parte" is also improper. There is no reason here for Defendant to be denied access to this document. The Court will instruct the Clerk to remove this restriction in the docket in this matter.

---

[1] The Court notes that Plaintiff misunderstands the effect of a voluntary dismissal under the Federal Rules of Civil Procedure. Unlike the North Carolina Rules of Civil Procedure, which allow for an action to be refiled within one year of the dismissal, a dismissal without prejudice under the Federal Rules "operates to leave the parties as if no action had been brought at all." In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) (citation omitted).

# **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 34] is **DENIED**.

The Clerk is respectfully instructed to remove the Ex Parte restriction in the docket in this matter.

**IT IS SO ORDERED**.

Signed: March 8, 2022

Martin Reidinger
Chief United States District Judge

4

Case 5:19-cv-00043-MR   Document 35   Filed 03/08/22   Page 4 of 4